## HENRY P. PARKS vs. MARY ANN REILLY.

A widow who has acquired a right of homestead in premises which are worth less than eight hundred dollars, and is in the occupation thereof at the time of her husband's death, may continue such occupation, and avail herself of her right of homestead as a defence against one who claims title under her husband, although her homestead has not been set out to her by the court of probate and insolvency.

WRIT OF ENTRY to recover a lot of land in Blackstone.

At the trial in the superior court, before *Rockwell*, J., it appeared that the tenant had a right of homestead in the premises under *St.* 1855, *c.* 238; and the demandant claimed title by virtue of a sale made under a power of sale in a mortgage executed by the tenant's husband, now deceased, which was not signed by the tenant. The homestead had never been set out to the tenant, and the whole value of the premises was found by an assessor, to whom this question was referred, to be less than eight hundred dollars. The judge thereupon directed a verdict for the tenant, which was returned accordingly; and the case was reported for the determination of this court.

*P. C. Bacon*, for the demandant. The right of homestead is analogous to the right of dower, which cannot be availed of by a widow in defence to a writ of entry until it has been set out to her. *Sheafe* v. *O'Neil*, 9 Mass. 13. The court of probate and insolvency has exclusive jurisdiction of the matter of setting out homesteads, except where it is set off on execution by a sheriff; and no other court can judicially determine whether an estate does or does not exceed eight hundred dollars. At all events, the demandant is entitled to have a special conditional judgment without costs, not disturbing the estate or possession of the tenant. *Penniman* v. *Hollis*, 13 Mass. 429. *Walcutt* v. *Spencer*, 14 Mass. 409.

*F. Deane*, for the tenant.

DEWEY, J. The tenant may well maintain her defence to the present action under her right of homestead, which was acquired under *St.* 1855, *c.* 238. The right accruing to her was one

7 *

which she might, upon the death of her husband, continue to enjoy without any further proceedings on her part to have a homestead set out to her by the judge of probate, or other authority. Without expressing any opinion beyond the present case, we are satisfied that where the whole premises are of less value than eight hundred dollars the widow has no occasion to institute any proceedings to set out a homestead, if she was in the occupation of the premises during the lifetime and at the time of the decease of her husband. The purpose of the statute was to continue to her a home for herself and children.

Those provisions of the General Statutes to which we have been referred have more particular reference to cases of homestead where the whole value of the premises exceeds eight hundred dollars. In such cases, proceedings for partition may be instituted by herself, or others interested in the same; but we are not prepared to say that in such cases she may not avail herself of her right to continue in the occupation of so much of the homestead as shall not exceed eight hundred dollars in value, until a partition and assignment to her have been made of her particular portion; but that question does not arise here, and we express no opinion upon it.

*Judgment on the verdict for the tenant.*